**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
2125 S. Beverly Drive
Los Angeles, California 90034
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
Jeffrey J. Miles (SBN 293869)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COOKIES SF LLC;<br><br>            Plaintiff,<br><br>       v.<br><br>SHEIN DISTRIBUTION CORPORATION; and DOES 1-10 inclusive.<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR COUNTERFEITING, UNFAIR COMPETITION, AND TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

       Plaintiff Cookies SF LLC ("Plaintiff," or "Cookies") complains against Shein Distribution Corporation, and Does 1-10 (collectively referred to as "Defendant" or "Shein") as follows.

## SUMMARY OF THE ACTION

1.      Cookies is one of America's best known dispensaries, with 49 locations around the country. Business Insider reports that it is the "first billion dollar weed business." Unlike many of the more corporate startups, Cookies has deep credibility and a cult-like following, as well as a meaningful scientific focus on plant genetics. When a new Cookies dispensary opens, fans camp out overnight to be the first in line. Perhaps because of the devotion of its customer base, Cookies also has a wildly successful apparel brand—including clothing-only boutiques in Los Angeles and San Francisco (and soon New York).

2.      This is an action for trademark infringement against Shein, a multi-billion dollar fast-fashion enterprise operating in California (and world-wide), for blatant, unapologetic theft and counterfeiting of Cookies' products and brand. Shein's notorious and well-documented business model depends upon willful violations of the rights and interests of independent artists and designers. Harvesting the toil of independent and often artisanal creatives, Shein uses algorithms that scour the internet for trending art and fashion, then quickly creates infringing fashion pieces utilizing shadow factories overseas that employ underpaid workers. Most of the time, Shein gets away with this predatory business model, in part because it picks victims who lack the resources to see a lawsuit to fruition, which can easily run in excess of $1 million. In this instance, however, Shein has run up against a plaintiff that not only has the devoted following that it looks for, but also enjoys extreme financial success. Further, in this case Shein's typical cavalier disregard for artists rights has resulted in misconduct that amounts to *counterfeiting*, which raises the specter of greatly enhanced remedies and penalties.

COMPLAINT

3.     The following images illustrate the brazen nature of Shein's counterfeiting. Plaintiff's sweatshirt, bearing its registered Cookies trademark is shown below left. Shein's sweatshirt, below right, inexplicably uses the identical mark in the identical manner.

 

4.     This is an action for trademark counterfeiting and infringement of Plaintiff's federally-registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims under California statutory and common law, all arising from the Defendant's unauthorized use of a spurious designation identical to Plaintiff's COOKIES mark in connection with the manufacture, distribution, marketing, promotion, offering for sale, and/or sale of Defendant's counterfeit apparel.

**JURISDICTION AND VENUE**

5.     This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair

COMPLAINT

competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Each defendant is subject to the personal jurisdiction of the Court because it transacts business in, has agents in, or is otherwise found in and has purposely availed itself of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district, and Defendants' marketing activities at issue in this case were expressly aimed at California residents (including promotional activities such as fashion shows and trade shows aimed at the West Coast and California apparel market).

7.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that, *inter alia*, Defendant has expressly directed its marketing and promotional activities at consumers and retailers in Los Angeles.

## THE PARTIES

8.     Plaintiff COOKIES SF LLC is a California limited liability company.

9.     Plaintiff is informed and believes and thereon alleges that Defendant Shein is a corporation organized and existing under the laws of the State of California with its principal place of business at 757 S. Alameda St., Suite 220, Los Angeles, CA 90021. Plaintiff is informed and believes that Shein advertises, distributes, and sells products to consumers throughout the United States and manages and operates the Shein.com website, which effectuates online marketing sales of Defendant's products.

10.     Plaintiff is as yet unaware of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants

COMPLAINT

by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

11.     Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of the other Defendants.

**GENERAL ALLEGATIONS**

**A.    Cookies is a well-known brand with a cult following, and holds a Class 25 trademark registration.**

12.     Cookies was first a wildly successful chain of dispensaries, with stores across the country and a strong online presence. Cookies is now just as much of an apparel brand—with young and influential customers eager to express the brand's ethos.

13.     Central to Cookies brand is its Marks, one of which consists of stylized lettering spelling out the Cookies brand name, with a curved orientation as if it were the top arc (of approximately ten degrees) of a circle (the "Cookies Mark"). It is shown below, as taken from Plaintiff's Class 25 trademark registration, with registration number 1683985.

COMPLAINT

14.     One example of Cookies' use of its Mark on apparel is shown below.



15.     Obviously, Shein's use of the mark is identical to Plaintiff's, including the lettering, the curvature of the arc, and even the placement on garments.

16.     Plaintiff has used the Cookies Mark in commerce throughout the United States continuously since a date prior to Shein's first use, in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of Cookies goods bearing the Cookies Mark (the "Cookies' Goods").

17.     As a result of its widespread, continuous, and exclusive use of the Cookies Mark to identify its Cookies Goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Cookies Mark.

18.     Plaintiff's Cookies Mark is distinctive to both the consuming public and Plaintiff's trade.

19.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the Cookies Goods sold under the Cookies Mark.

COMPLAINT

20.   Plaintiff has had substantial sales of its Cookies Goods under the Cookies Mark throughout the United States, and globally.

21.   Plaintiff offers and sells its Cookies Goods under its Cookies Mark to sophisticated young consumers.

22.   The Cookies Goods Plaintiff offers under the Cookies Mark are of high quality.

23.   As a result of Plaintiff's expenditures and efforts, the Cookies Mark has come to signify the high quality of the Cookies Goods designated by the Cookies Mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**B.     Shein's unauthorized use of Plaintiff's trademark name and Mark.**

24.   Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its Cookies Mark, Defendant began using in commerce a designation identical to or substantially indistinguishable from Plaintiff's Cookies Mark in connection with apparel (the "Counterfeit Goods") in a manner substantially identical to Plaintiff's use of the Cookies Mark in connection with its apparel. An example is shown below:



COMPLAINT

25.     Defendant has engaged in the manufacture, importation, distribution, advertising, promotion, offering for sale, and sale of the Counterfeit Goods throughout the U.S, and globally.

26.     On information and belief based on Shein's manufacturing practices, the Counterfeit Goods are of inferior quality to Plaintiff's .

27.     At all relevant times and in furtherance of its counterfeiting and infringing activities, Defendant has willfully and intentionally used and continues to use a spurious designation substantially indistinguishable from Plaintiff's Cookies Mark on and in connection with the Counterfeit Goods.

28.     Defendant's counterfeiting and infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's Counterfeit Goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

29.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

30.     Plaintiff notified Defendant that its use of the Cookies Mark and Cookies Artwork infringes Plaintiff's exclusive rights; however, upon information and belief, Defendant continued to sell the infringing goods.

31.     Upon information and belief, at all relevant times Defendant has had full knowledge of Plaintiff's ownership of and exclusive right to the Cookies Mark.

32.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer irreparable injury.

33.     The aforementioned wrongful acts of Defendant constitute intentional wrongful conduct with the intention on the part of Defendant of thereby depriving

Plaintiff of property, legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages.

34.    Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as alleged in this Complaint, including reputational damage and diminishment of the value of Plaintiff's goods. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable, Plaintiff will require an accounting from Defendant of all monies generated from its wrongful conduct.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendant's alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

36.    Defendant's actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

**First Claim for Relief for Trademark Infringement and Counterfeiting**
**(Against All Defendants)**

37.    Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

38.    Plaintiff is the owner of valid and subsisting United States Trademark Registration No 1683985 on the Principal Register in the United States Patent and

Trademark Office (USPTO) for the Cookies Mark for apparel, which was filed on May 25, 2022.

39.    Defendant's unauthorized use in commerce of a spurious designation that is identical to or substantially indistinguishable from Plaintiff's Cookies Mark, on and in connection with the Counterfeit Goods as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Counterfeit Goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes counterfeiting and trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40.    Upon information and belief, Defendant has committed the foregoing acts of counterfeiting and infringement with full knowledge of Plaintiff's prior rights in the Cookies Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

41.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

42.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## Second Claim for Relief for Unfair Competition
### (Against All Defendants)

43.    Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

COMPLAINT

44.     Plaintiff has used the Cookies Mark in interstate commerce on its goods and in connection with the advertising and promotion of its goods.

45.     Without authorization or permission, Defendant has used in commerce and continues to use in commerce marks and design elements confusingly similar to the Cookies Mark, in connection with the making, selling, advertising, marketing, and/or promoting of apparel.

46.     Defendant's unauthorized use of marks and design elements confusingly similar to the Cookies Mark has caused, and will likely continue to cause, confusion, mistake, or deception in the relevant consumer market.

47.     Defendant's unauthorized use of marks and design elements confusingly similar to the Cookies Mark constitutes infringement in violation of 15 U.S.C. § 1125(a).

48.     Defendant's acts constitute willful and intentional infringements of the Cookies Mark, and Defendant did so with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products are associated with, sponsored by, approved by, and/or originating from Plaintiff, when they are not.

49.     Defendant had actual knowledge of Plaintiff's ownership and prior use of its Cookies Mark, and has willfully violated 15 U.S.C. § 1125(a).

50.     Defendant has acted in bad faith and/or willfully in using marks and design elements confusingly similar to the Cookies Mark design in connection with Defendant's products.

51.     Defendant's infringing acts have caused and will continue to cause Plaintiff to suffer irreparable injury to its reputation and goodwill. Plaintiff does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

52.     Defendant's unauthorized use in commerce of a spurious designation

that is identical to or substantially indistinguishable from Plaintiff's Cookies Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

53.    Defendant's unauthorized use in commerce of a spurious designation that is identical to or substantially indistinguishable from Plaintiff's Cookies Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

54.    Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

55.    Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

57.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## Third Claim for Relief for Unfair Competition Under California Law
### Cal. Bus. & Prof. Code §§17200 et seq.
### (Against All Defendants)

58.    Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

COMPLAINT

59.     Defendant's wrongful acts as described herein constitute unlawful, unfair, and/or fraudulent business practices in violation of Section 17200, et seq. of the California Business and Professions Code, and California common law. These acts and practices undertaken by Defendant violate California Business & Professions Code §17200 in that they are—as described above—unfair, fraudulent, and/or unlawful.

60.     Specifically, without limiting the generality of the foregoing, such acts and practices are and were fraudulent in that: (a) Defendant seeks to deceive consumers regarding the source, quality and origin of their goods and their association with Plaintiff, and (b) the general public and trade is likely to be confused regarding the business relationship between Plaintiff and Defendant and Defendant's goods.

61.     Further, without limiting the generality of the foregoing, the harm to Plaintiff and to members of the general public far outweighs the utility of Defendant's practices and, consequently, Defendant's practices constitute an unfair business act or practice within the meaning of Cal. Bus. & Prof. Code §17200.

62.     Further, without limiting the generality of the foregoing, such acts by Defendant are unlawful in that they violate, inter alia, the Lanham Act.

63.     Plaintiff has sustained and will continue to sustain serious and irreparable injury to its business and reputation as a direct and proximate result of Defendant's conduct (as described above). Unless Defendant is enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendant and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

13

COMPLAINT

64.     As a direct result of Defendant's unlawful, unfair, fraudulent, and deceptive business practices, Defendant has received and continues to receive income and profits that they would not have earned but for their unlawful, unfair and deceptive conduct and Plaintiff is entitled to disgorgement of such wrongfully obtained funds.

65.     By reason of Defendant's acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of its rights, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

**Fourth Claim for Relief for Unfair Competition Under**

**California Common Law**

**(Against All Defendants)**

66.     Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

67.     The above-described conduct of Defendant constitutes unfair competition under the common law of the State of California.

68.     As a result of the actions of Defendant, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1.     That Plaintiff is awarded all damages, including future damages and enhanced damages for counterfeiting, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2.     That Plaintiff is awarded its costs, attorneys' fees and expenses in this action;

3.     That Plaintiff is awarded pre-judgment interest;

4.     For an order permanently enjoining Defendant and its employees,

14

COMPLAINT

agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.     That Defendant be ordered to immediately recall and remove any and all infringing/counterfeit materials in the marketplace;

6.     That Defendant be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7.     For disgorgement of all proceeds, profits, and benefits resulting from Defendant's wrongful conduct, and restitution of the moneys wrongfully received by Defendant as the result of its wrongful conduct;

8.     For punitive damages in an amount sufficient to deter Defendant from its wrongful conduct; and

9.     For further relief, as the Court may deem appropriate.


DATED: November 2, 2022          ERIKSON LAW GROUP


                                 By: _____/s/_____
                                      David Erikson
                                      Attorneys for Plaintiff

1

## DEMAND FOR JURY TRIAL

2

       Plaintiff hereby demands a jury trial on their claims on all issues triable by a

3

jury.

4

5

DATED: November 2, 2022         ERIKSON LAW GROUP

6

7

8

                      By:       /s/

                           David Erikson

9

                           Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT