Morgan E. Pietz (SBN 260629)
morgan@pstrials.com
Thomas P. Burke Jr. (SBN 288261)
tom@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone: (310) 424-5557
Facsimile: (310) 597-4626

*Attorneys for Shein Distribution Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

COOKIES SF LLC;

Plaintiff,

v.

SHEIN DISTRIBUTION CORPORATION; and DOES 1-10 inclusive,

Defendants.

Case No. 2:22-cv-07998-JFW-AGR

District Judge: Hon. John F. Walter

Magistrate Judge: Hon. Alicia G. Rosenberg

**DEFENDANT SHEIN DISTRIBUTION CORPORATION'S ANSWER TO PLAINTIFF COOKIES SF LLC'S FIRST AMENDED COMPLAINT;**

**AFFIRMATIVE DEFENSES;**

**AND DEMAND FOR JURY TRIAL**

Complaint Filed: 11/2/2022
FAC Filed: 4/4/2023
Trial Date: None

Defendant SHEIN DISTRIBUTION CORP. ("SDC" or "Defendant") hereby answers the Complaint of Plaintiff COOKIES SF LLC ("Plaintiff"), raise certain affirmative defenses, and demand trial by jury as follows:

**SUMMARY OF THE ACTION**

1. Cookies is one of America's best known marijuana dispensaries, with 49 location around the country. Business Insider reports that it is the "first billion dollar weed business." Unlike many of the more corporate startups, Cookies has deep street credibility and a cult-like following, due to the reputation of its famous founder, rapper Berner—as well as its deep scientific focus on plant genetics. When a new Cookies dispensary opens, fans camp out overnight to be the first in line. Perhaps because of the devotion of its customer base, Cookies has also become a wildly successful apparel brand—including with clothing-only boutiques in Los Angeles and San Francisco (and soon New York).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

2. This is an action for trademark infringement against Shein, a multibillion dollar fast-fashion enterprise operating in California (and world-wide), for blatant, unapologetic theft and counterfeiting of Cookies' products and brand. Shein's notorious and well-documented business model depends upon willful violations of the rights and interests of independent artists and designers. Harvesting the toil of independent and often artisanal creatives, Shein uses algorithms that scour the internet for trending art and fashion, then quickly creates infringing fashion pieces utilizing shadow factories overseas that employ underpaid workers. Most of the time, Shein gets away with this predatory business model, in part because it picks victims who lack the resources to see a lawsuit to fruition, which can easily run in excess of $1 million. In this instance, however, Shein has run up against a plaintiff that not only has the cool factor that it looks for, but also enjoys extreme

financial success. Further, in this case Shein's typical cavalier disregard for artists rights has resulted in misconduct that amounts to no less than counterfeiting.

**ANSWER:** Defendant admits that Plaintiff has purported to allege claims for trademark infringement; otherwise denied.

3. The following images illustrate the brazen nature of Shein's infringement. Plaintiff's sweatshirt, bearing its registered Cookies trademark is shown below left. Shein's sweatshirt, below right, inexplicably uses the identical mark in the identical manner.

[*Image omitted*]

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

4. This is an action for trademark infringement of Plaintiff's federally-registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims under California statutory and common law, all arising from the Defendant's unauthorized use of a spurious designation identical to Plaintiff's COOKIES mark in connection with the manufacture, distribution, marketing, promotion, offering for sale, and/or sale of Defendant's Infringing apparel.

**ANSWER:** Defendant admits that Plaintiff has purported to allege claims for trademark infringement, unfair competition, and related California statutory and common law claims; otherwise denied.

**<u>JURISDICTION AND VENUE</u>**

5. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more

specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** Defendant admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a)-(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a), but Defendant denies that this action has merit.

1. Each defendant is subject to the personal jurisdiction of the Court because it transacts business in, has agents in, or is otherwise found in and has purposely availed itself of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district, and Defendants' marketing activities at issue in this case were expressly aimed at California residents (including promotional activities such as fashion shows and trade shows aimed at the West Coast and California apparel market).

**ANSWER:** Defendant admits that it is subject to the personal jurisdiction of the Court; otherwise Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, such that the remaining allegations of this paragraph are deemed denied.[1]

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the

[1] In the sixth paragraph on the fourth page of the First Amended Complaint, the paragraph numbering restarted at 1. Defendant has maintained this numbering scheme in this Answer to aid in cross-referencing.

claims occurred in this District in that, *inter alia*, Defendants have expressly directed their marketing and promotional activities at consumers and retailers in Los Angeles.

**ANSWER:** Defendant denies that Plaintiff has conclusively established that venue is proper in this District under 28 U.S.C. § 1391, but for purposes of this action only, Defendant does not contest venue is proper. Except as expressly admitted or denied, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, such that the remaining allegations of this paragraph are deemed denied.

**THE PARTIES**

3. Plaintiff COOKIES SF LLC is a California limited liability company.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

4. Plaintiff is informed and believes and thereon alleges that Defendant Shein is a corporation organized and existing under the laws of the State of California with its principal place of business at 757 S. Alameda St., Suite 220, Los Angeles, CA 90021. Plaintiff is informed and believes that Shein advertises, distributes, and sells products to consumers throughout the United States and manages and operates the Shein.com website, which effectuates online marketing sales of Defendants' products.

**ANSWER:** Defendant admits that it is a corporation, that it has offices located at 757 S. Alameda St., Los Angeles, California, and that it sells products to consumers throughout the United States via us.shein.com; otherwise denied.

5. Plaintiff is as yet unaware of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is responsible

in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

6. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of the other Defendants.

**ANSWER:** Denied.

## GENERAL ALLEGATIONS

### A. Cookies is a well-known brand with a cult following, and holds a Class 25 trademark registration.

7. Cookies was first a wildly successful chain of marijuana dispensaries, with stores across the country and a strong online presence. Cookies is now just as much of an apparel brand—with young and influential customers eager to express the brand's sophisticated urban ethos.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

8. Central to Cookies brand is its Marks, one of which consists of stylized lettering spelling out the Cookies brand name, with a curved orientation as if it were the top arc (of approximately ten degrees) of a circle (the "Cookies Mark"). It is shown below, as taken from Plaintiff's Class 25 trademark registration, with registration number 6991700.

[*Image omitted*]

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

9. One example of Cookies' use of its mark on apparel is shown below.

[*Image omitted*]

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

10. Plaintiff has used the Cookies Mark in commerce throughout the United States continuously since a date prior to Shein's first use, in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of Cookies goods bearing the Cookies Mark (the "Cookies' Goods").

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

11. As a result of its widespread, continuous, and exclusive use of the Cookies Mark to identify its Cookies Goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Cookies Mark.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

12. Plaintiff's Cookies Mark is distinctive to both the consuming public and Plaintiff's trade.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

13. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the Cookies Goods sold under the Cookies.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

14. Plaintiff has had substantial sales of its Cookies Goods under the Cookies Mark throughout the United States.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

15. Plaintiff offers and sells its Cookies Goods under its Cookies Mark to sophisticated young consumers.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

16. The Cookies Goods Plaintiff offers under the Cookies Mark are of high quality].

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

17. As a result of Plaintiff's expenditures and efforts, the Cookies Mark has come to signify the high quality of the Cookies Goods designated by the Cookies Mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

**C. Shein's unauthorized use of Plaintiff's trademark name and Mark.**

18. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its Cookies Mark, Defendant began using in commerce a designation identical, confusingly similar, or even indistinguishable from Plaintiff's Cookies Mark in connection with apparel (the "Infringing Goods") in a manner substantially identical and confusingly similar to Plaintiff's use of the Cookies Mark in connection with its apparel. An example is shown below:

[*Image omitted*]

**ANSWER:** Denied.

19. Defendant has engaged in the manufacture, importation, distribution, advertising, promotion, offering for sale, and sale of the Infringing Goods throughout the U.S. Obviously, Shein's use of the mark is virtually identical to Plaintiff's, including the lettering, the curvature of the arc, and even the placement on garments.

**ANSWER:** Denied.

20. On information and belief based on Shein's manufacturing practices, the Infringing Goods are of inferior in quality to Plaintiff's .

**ANSWER:** Denied.

21. At all relevant times and in furtherance of its infringing activities, Defendant has willfully and intentionally used and continues to use a spurious designation substantially indistinguishable from Plaintiff's Cookies Mark on and in connection with the Infringing Goods.

**ANSWER:** Denied.

22. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Infringing Goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's Infringing Goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

**ANSWER:** Denied.

23. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**ANSWER:** Denied.

24. Plaintiff notified Defendants that their use of the Cookies Mark and Cookies Artwork infringes Plaintiff's exclusive rights; however, upon information and belief, Defendants continued to sell the infringing goods.

**ANSWER:** Denied.

25. Upon information and belief, at all relevant times Defendants have had full knowledge of Plaintiff's ownership of and exclusive right to the Cookies Mark.

**ANSWER:** Denied.

26. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer irreparable injury.

**ANSWER:** Denied.

27. The aforementioned wrongful acts of Defendants constitute intentional wrongful conduct with the intention on the part of Defendants of thereby depriving Plaintiff of property, legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages.

**ANSWER:** Denied.

28. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as alleged in this Complaint, including reputational damage and diminishment of the value of Plaintiff's goods. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable, Plaintiff will require an accounting from Defendants of all monies generated from their wrongful conduct.

**ANSWER:** Denied.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of

Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

**ANSWER:** Denied.

30. Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

**ANSWER:** Denied.

**First Claim for Relief for Trademark Infringement**

**(Against All Defendants)**

31. Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

**ANSWER:** To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

32. Plaintiff is the owner of valid and subsisting United States Trademark Registration No 1683985 on the Principal Register in the United States Patent and Trademark Office (USPTO) for the Cookies Mark for apparel, which was filed on May 25, 2022.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

33. As a result of its widespread, continuous, and exclusive use of the mark to identify its apparel and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Mark.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

34. Plaintiff's Mark is distinctive to both the consuming public and Plaintiff's trade.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

35. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the apparel sold under the mark.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

36. Without Plaintiff's authorization, beginning after Plaintiff acquired protectable exclusive rights in its mark Defendant adopted and began using a mark identical to Plaintiff's, as described above in US commerce (the "Infringing Mark"). Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Denied.

37. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Cookies Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

**ANSWER:** Denied.

38. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER:** Denied.

39. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**ANSWER:** Denied.

**Second Claim for Relief for Unfair Competition**

**(Against All Defendants)**

40. Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

**ANSWER:** To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

41. Plaintiff has used the Cookies Mark in interstate commerce on its goods and in connection with the advertising and promotion of its goods.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

42. Without authorization or permission, Defendants have used in commerce and continue to use in commerce marks and design elements confusingly similar to the Cookies Mark, in connection with the making, selling, advertising, marketing, and/or promoting of apparel.

**ANSWER:** Denied.

43. Defendants' unauthorized use of marks and design elements confusingly similar to the Cookies Mark has caused, and will likely continue to cause, confusion, mistake, or deception in the relevant consumer market.

**ANSWER:** Denied.

44. Defendants' unauthorized use of marks and design elements confusingly similar to the Cookies Mark constitutes infringement in violation of 15 U.S.C. § 1125(a).

**ANSWER:** Denied.

45. Defendants' acts constitute willful and intentional infringements of the Cookies Mark, and Defendants did so with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products are associated with, sponsored by, approved by, and/or originating from Plaintiff, when they are not.

**ANSWER:** Denied.

46. Defendants had actual knowledge of Plaintiff's ownership and prior use of its Cookies Mark, and have willfully violated 15 U.S.C. § 1125(a).

**ANSWER:** Denied.

47. Defendants have acted in bad faith and/or willfully in using marks and design elements confusingly similar to the Cookies Mark design in connection with Defendants' products.

**ANSWER:** Denied.

48. Defendants' infringing acts have caused and will continue to cause Plaintiff to suffer irreparable injury to its reputation and goodwill. Plaintiff does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

**ANSWER:** Denied.

49. Defendant's unauthorized use in commerce of a spurious designation that is identical to or substantially indistinguishable from Plaintiff's Cookies Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe,

contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

**ANSWER:** Denied.

50. Defendant's unauthorized use in commerce of a spurious designation that is identical to or substantially indistinguishable from Plaintiff's Cookies Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

**ANSWER:** Denied.

51. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

**ANSWER:** Denied.

52. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Denied.

53. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER:** Denied.

54. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**ANSWER:** Denied.

**Third Claim for Relief for Unfair Competition Under California Law**
**Cal. Bus. & Prof. Code §§17200 et seq.**
**(Against All Defendants)**

55. Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

**ANSWER:** To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

56. Defendants' wrongful acts as described herein constitute unlawful, unfair, and/or fraudulent business practices in violation of Section 17200, et seq. of the California Business and Professions Code, and California common law. These acts and practices undertaken by Defendants violate California Business & Professions Code §17200 in that they are—as described above—unfair, fraudulent, and/or unlawful.

**ANSWER:** Denied.

57. Specifically, without limiting the generality of the foregoing, such acts and practices are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of their goods and their association with Plaintiff, and (b) the general public and trade is likely to be confused regarding the business relationship between Plaintiff and Defendants and Defendants' goods.

**ANSWER:** Denied.

58. Further, without limiting the generality of the foregoing, the harm to Plaintiff and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Cal. Bus. & Prof. Code §17200.

**ANSWER:** Denied.

59. Further, without limiting the generality of the foregoing, such acts by Defendants are unlawful in that they violate, inter alia, the Lanham Act.

**ANSWER:** Denied.

60. Plaintiff has sustained and will continue to sustain serious and irreparable injury to its business and reputation as a direct and proximate result of Defendants' conduct (as described above). Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

**ANSWER:** Denied.

61. As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received and continue to receive income and profits that they would not have earned but for their unlawful, unfair and deceptive conduct and Plaintiff is entitled to disgorgement of such wrongfully obtained funds.

**ANSWER:** Denied.

62. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of its rights, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

**ANSWER:** Denied.

**Fourth Claim for Relief for Unfair Competition Under California Common Law**

**(Against All Defendants)**

63. Plaintiff incorporates herein by this reference paragraphs 1 through 81 as if set forth in full in this cause of action.

**ANSWER:** To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

64. The above-described conduct of Defendant constitutes unfair competition under the common law of the State of California.

**ANSWER:** Denied.

65. As a result of the actions of Defendants, Plaintiff has been damaged in an amount to be proven at trial.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

To the extent Defendant is required to respond to the prayer for relief, Defendant denies that Plaintiff is entitled to the relief sought in paragraphs 1 through 9 of the prayer for relief or to any relief whatsoever.

## *AFFIRMATIVE DEFENSES*

For its affirmative defenses, and without altering any applicable burdens, Defendant alleges that Plaintiff's claims are barred, in whole, or in part, as follows:

### FIRST DEFENSE:

### Failure to State a Claim Upon Which Relief Can be Granted

[Fed. R. Civ. P. 12(b)(6)]

66. Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE:**

**Failure to Join a Party Under Rule 19**

[Fed. R. Civ. P. 12(b)(7)]

67. On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Defendant.

**THIRD DEFENSE:**

**Lack of Volitional Conduct**

68. Plaintiffs' claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

**FOURTH DEFENSE:**

**Failure to Mitigate**

69. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware that the trademark it purports to own was being allegedly infringed online, and purposefully avoided taking steps that might mitigate the spread of infringement.

**FIFTH DEFENSE:**

**Lack of Distinctiveness**

70. Plaintiff's mark is not distinctive of and does not function as a source identifier for the goods and services with which Plaintiff has used the mark in commerce.

**SIXTH DEFENSE:**

**Genericness**

71. Plaintiff's mark is generic for the goods and services with which Plaintiff has used the mark in commerce.

///

///

///

**SEVENTH DEFENSE:**

**Ornamental Use**

72. Plaintiff's mark, as used by Plaintiff, is merely decorative or ornamental, and purchasers or consumers of Plaintiff's products would not think that it identifies the source of the apparel. Expressions and symbols that commonly adorn products in an ornamental fashion are normally not perceived as identifying the source of the goods and are therefore not trademark use, and accordingly do not imbue the user thereof with trademark rights.

**EIGHTH DEFENSE:**

**Waiver / Estoppel**

73. Plaintiff's claims are barred by its own conduct, actions, and inactions, and the conduct, actions, and inactions of its officers or its agents, which constitute a waiver or estoppel to the claims or causes of actions alleged in the Complaint.

**NINTH DEFENSE:**

**Inequitable Conduct / Unclean Hands**

74. On information and belief, Plaintiff, its officers, or its agents had unclean hands with respect to the transactions and allegations alleged or referred to in the Complaint, and Plaintiff is therefore precluded from recovering any damages against Defendant under the doctrine of unclean hands.

**TENTH DEFENSE:**

**Unavailability of Injunctive Relief**

75. Plaintiff is not entitled to injunctive relief (temporarily, preliminarily, or permanently), including because any injury to it is not immediate or irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

///

///

**ADDITIONAL DEFENSES:**

76. Defendant reserves the right to supplement or amends this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**Accordingly**, Defendant hereby prays that Plaintiff takes nothing on its complaint and that Defendant recovers their costs, including attorney's fees, and such other further relief as the Court may deem just and proper.

***DEMAND FOR JURY TRIAL***

Defendant hereby demands a jury trial on all issues so triable, per Fed. R. Civ. P. 38 and the Seventh Amendment to the U.S. Constitution.

Dated: April 20, 2023

PIETZ & SHAHRIARI, LLP

By: */s/ Thomas P. Burke Jr.*

Morgan E. Pietz
Thomas P. Burke Jr.
*Attorneys for Defendant*
*Shein Distribution Corporation*