ANTOINETTE WALLER - State Bar No. 152895
awaller@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
Cookies SF LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COOKIES SF LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SHEIN DISTRIBUTION CORPORATION; and DOES 1-10 inclusive.<br><br>    Defendants. | Case No.: 2:22−cv−07998-JFW-AGR<br><br>Assigned to the Hon. John F. Walter<br><br>**PLAINTIFF'S OPPOSITION TO SHEIN DISTRIBUTION CORPORATION'S MOTION FOR TERMINATING SANCTIONS; AND REQUEST BY PLAINTIFF THAT THE COURT DISMISS THE CASE WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**<br><br>Date: May 13, 2024<br>Time: 1:30 pm<br>Ctrm: 7A<br><br>Filing Date: Nov. 2, 2022<br>Trial Date: May 28, 2024<br>Motion Cut-off: April 1, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Shein's Motion is Without Merit.

Plaintiff Cookies SF LLC ("Plaintiff") sued Defendant Shein Distribution Corporation ("Shein") after Shein blatantly misappropriated Plaintiff's products and brand. Shein, part of a multi-billion-dollar conglomerate operating in China, is a well-known infringer of other people's designs, and is notorious for ripping off smaller companies, artists, and designers.[1]

Mr. Shaw came on as counsel for Shein in November 2023. Throughout the lawsuit, but particularly since November 2023, Shein has resisted participating in discovery or pretrial matters. Since at least November 2023, Shein and its counsel have wholly refused to engage in efforts to progress this lawsuit toward trial or allow Plaintiff to develop its claims and damages. Shein has not produced any disclosure documents and has never identified a single witness to support its defenses. Instead, Shein served generic initial disclosures stating that it was identifying as its witnesses unnamed person(s) who were "a witness knowledgeable" on various subjects. See Shein's Initial Disclosures served in this lawsuit June 8, 2023. [Exhibit 1 to Declaration of Antoinette Waller ("Waller Decl.").] Shein has never named any identifiable person with knowledge here.

Six months earlier, in a different lawsuit, with a different plaintiff, who is pursuing different claims, for different infringements by Shein, occurring at different times than those alleged here, Shein served the *exact same* initial disclosures as they did in this matter, using identical language to generically state that Shein's witnesses were unstated and unidentified person(s) that were "a witness knowledgeable" about

---

[1] Numerous lawsuits have been filed against Shein and its related entities accusing the enterprise of willful, pervasive, and ongoing infringement and intellectual property misappropriation. See *e.g.*, *Perry et al., v Shein Distribution Corporation*, U.S.D.C., Central District of California, Case no. 2:23-cv-05551-MCS-JPR, April 15, 2024, Third Amended Complaint, Dkt. No. 52 at 15, 38-39 (listing cases of Shein's willful infringement),

the identical subjects identified in the disclosure to Cookies. [Exhibit 2 to Waller Decl., Shein's initial disclosures served December 20, 2022, in that action identified as *Jennifer Stark v Shein Distribution Corp.*, USDC, Central District of California, Case No. 2:22-cv-06016-WLH-RAOx, pending before the Honorable Wesley L. Hsu.] In contrast to Shein, Plaintiff has fully participated in discovery in this matter including serving initial disclosures and supplementing those disclosures in responses to discovery including identifying witnesses. [Waller Decl., ¶8.]

Plaintiff timely served discovery on Shein. [Waller Decl., ¶10] Shein's responses were due before the discovery cutoff. [Id.] Shein refused to respond to the discovery. Shein's apparent grounds for its refusal was that at the time the discovery was served (within the discovery cutoff), the parties had stipulated to continue pretrial deadlines, but the Court had not yet granted a continuance. If the Court had not granted a continuance, then the discovery responses would have been due a day or two past the original discovery cutoff. But the Court *had* granted a continuance and the discovery cutoff never lapsed. [Id.]

In addition to Shein's refusal to participate in this action, as previously documented, Plaintiff's counsel has met with significant challenges in preparing this case for trial. Contrary to Shein's assertions, Plaintiff has worked diligently to advance this case and prepare it for trial. [Waller Decl., ¶¶ 4-6, 9-10.]. After battling colon cancer including by receiving chemotherapy and radiation treatments and undergoing surgery, Plaintiff's lead counsel, David Erikson, died February 19, 2024. [Waller Decl. ¶3.] Mr. Erikson's death led to the closure of his law practice and the transfer of this case. [Id.] Despite the hardships and challenges resulting from the loss of its lead counsel, Plaintiff has continued to persistently pursue this case. Plaintiff's counsel attempted to meet and confer with Shein's counsel for a pretrial conference. [Id., ¶7.] Shein's counsel rejected all such attempts and has actively and consistently obstructed and delayed Plaintiff's trial preparation efforts. [Id.]

Last month, in anticipation of the coming pretrial deadlines, and after analyzing the continuing costs of countering Shein's adamant refusal to participate in this action and taking this case to trial, Plaintiff contacted Shein's counsel and requested that they consent to a voluntary dismissal of the action under Federal Rule of Civil Procedure 41(a). [Waller Decl., ¶12.] Prior to Plaintiff's counsel's request, Shein had not raised any issue regarding Plaintiff's alleged failure to prosecute this action. [Id.] Shein's counsel apparently took the request as an invitation to attack. The next communication Plaintiff received from counsel and every communication since then has been an attack. Shein's counsel refused to consent to dismissal and attacked Plaintiff's counsel as allegedly having failed to pursue the case.

On April 11, 2024, Shein filed the instant motion. Shein claims that Plaintiff failed to meet and confer within 10 days of Shein's purported March 29, 2024 meet and confer demand (see Shein's notice of motion). Shein is economical with the truth. Plaintiff's counsel offered April 5, 2024, as a date to conduct a conference of counsel. Shein declined the offer and stated its first availability was April 8 or April 10. Plaintiff's counsel was not available on April 8 and the parties arranged a Zoom conference for April 10. [Waller Decl., ¶13.]

Shein's motion is without basis. Plaintiff opposes the motion and requests that the Court enter an order dismissing the action without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2).

## II. Standard for Voluntary Dismissal.

"Rule 41(a)(2) permits a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); Fed. R. Civ. P. 41(a)(2) (emphasis added) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will

1  not be disturbed unless the court has abused its discretion." *Stevedoring Servs.*, 889 F.2d at 921.

"Within the Ninth Circuit a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quismundo v. Trident Society, Inc.*, 2018 WL 1963782, *2 (S.D. Ca. Apr. 25, 2018) (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)); *Bennett v. Dhaliwal*, 721 Fed. Appx. 577, 578 (9th Cir. 2017), cert. denied sub nom. 139 S.Ct. 269 (2018). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017); *Smith*, 263 F.3d at 976. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) ("Plain legal prejudice…does not result simply when defendant faces the prospect of a second lawsuit, or when plaintiff merely gains some tactical advantage."); *Bennett*, 721 Fed. Appx. at 578 (District court abused its discretion in rejecting plaintiffs' voluntary motion to dismiss FCTA action without prejudice, and in subsequently dismissing action for failure to prosecute, where plaintiffs notified the district court before trial of their intention not to proceed with the FTCA action, eventually seeking to dismiss that suit without prejudice pursuant to Rule 41(a)(2), and where United States would not have suffered any legal prejudice from voluntary dismissal). Because the dismissal of Plaintiff's claims will not result in legal prejudice to Shein, the Court should grant Plaintiff's request and dismiss the action without prejudice.

///
///
///
///
///
///

4

[CASE NO.: 2:22−CV−07998-JFW-AGR]
[OPP TO MOTION AND REQUEST FOR DISMISSAL WITHOUT PREJUDICE]

### III. Conclusion.

For all the foregoing reasons, and because Plaintiff has attempted to prosecuted its case with vigor, Plaintiff requests that the Court deny Shein's motion and instead dismiss this case without prejudice.

DATED: April 22, 2024

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation

*/S/ Antoinette Waller*

ANTOINETTE WALLER
Attorneys for Plaintiff
Cookies SF LLC