**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-7998-JFW(AGRx)** | Date: April 24, 2024 |
| Title: | Cookies SF LLC -v- Shein Distribution Corporation, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR MONETARY AND TERMINATING SANCTIONS [filed 4/11/24; Docket No. 41]; and**

**ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

On April 11, 2024, Defendant Shein Distribution Corporation ("Defendant") filed a Motion for Monetary and Terminating Sanctions ("Motion"). On April 22, 2024, Plaintiff Cookies SF LLC ("Plaintiff") filed its Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument or any additional briefing. The hearing calendared for May 13, 2024 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

In its Motion, Defendant seeks an order dismissing this action with prejudice and an award of $50,000 in sanctions based on Plaintiff's purported failure to prosecute this action. In its Opposition, Plaintiff states that in March 2024, prior to Defendant filing its Motion, Plaintiff requested that Defendant consent to a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). According to Plaintiff, Defendant never responded to that request and Defendant never raised Plaintiff's purported failure to prosecute this action. Instead, Defendant chose to file its Motion seeking terminating and monetary sanctions. As a result, in its Opposition, Plaintiff requests that the Court enter an order dismissing this action without prejudice pursuant to Rule 41(a)(2).

Rule 41(a)(2) provides, in part:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with a plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) ("When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water District*, 100 F.3d at 97. In addition, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. Courts in this circuit have considered the following factors in determining whether a dismissal without prejudice is appropriate: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence by the plaintiff in prosecuting the action; and (3) the plaintiff's lack of explanation of the need for dismissal. *Corbett v. Pharmacare U.S., Inc.*, 2022 WL 2835847 (S.D. Cal. July 20, 2022).

In this case, having considered all the relevant factors, the evidence presented by the parties, and given the facts and circumstances surrounding this case (including, but not limited to, the colon cancer diagnosis and subsequent death on February 19, 2024 of Plaintiff's counsel David A. Erikson), the Court concludes that this action should be dismissed without prejudice and that a dismissal without prejudice will not cause Defendant to suffer any legal prejudice. *See Westlands Water District*, 100 F.3d at 97 (holding that "the expense incurred in defending against a lawsuit does not amount to legal prejudice"); *see also Arteris S.A.S. v. Sonics, Inc.*, 2013 WL 3052903, at *4 (N.D. Cal. June 17, 2013) (holding that dismissal without prejudice was appropriate even though the defendants served and responded to numerous discovery requests, retained experts, traveled to Europe to depose witnesses, and spent hundreds of thousands of dollars preparing for trial, because there "ha[d] not been significant progress in the case"); *Beckett v. MACYSDSNB*, 2012 WL 479593, at *3 (N.D. Cal. Feb. 14, 2012) ("True, discovery has closed; and, under the court's scheduling order, this case is set to proceed to trial in a matter of months. But, the record presented indicates that the timing of plaintiff's motion to dismiss, while not ideal, is not due to any fault of Beckett or his current attorneys").

Accordingly, Plaintiff's request that this action be dismissed pursuant to Rule 41(a)(2) is **GRANTED,** and this action is **DISMISSED without prejudice**. Defendant's Motion is **DENIED as moot**.

IT IS SO ORDERED.